**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DONNA LAIRD** **CIVIL ACTION**

**VERSUS**

**AL COPELAND INVESTMENTS, INC.** **NO. 25-01138-BAJ-SDJ**

# RULING AND ORDER

Before the Court is Defendant Al Copeland Investments, L.L.C.'s **Rule 12(b)(6) Motion to Dismiss (Doc. 4)**.[1] Plaintiff opposes the Motion. (Doc. 6). Defendant filed a Reply Brief. (Doc. 7). For the reasons stated herein, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

This is a disability discrimination case. Plaintiff alleges that she is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"). (Doc. 1-1 ¶ 1). Plaintiff alleges that Defendant "excluded or tended to screen out" Plaintiff from consideration for a job due to her disability. (*Id.* ¶ 11).

Plaintiff alleges that Defendant used the "Indeed.com platform" (hereinafter, "Indeed") to advertise open positions for which it was hiring. (*Id.* ¶ 6). Plaintiff alleges that through Indeed, Defendant required applicants to complete an online assessment or skills test as part of the job application. (*Id.*). Because of her alleged

[1] Defendant asserts that Plaintiff improperly named it as Al Copeland Investments Inc. in the Complaint. (Doc. 4 at 1; Doc. 1-1).

disability, Plaintiff asserts that she requested a reasonable accommodation for the assessment "through Indeed and directly to [Defendant]." (*Id.* ¶ 7). Plaintiff alleges that Defendant failed to engage in the interactive process, failed to accommodate her, and failed to consider her application because of her disability and her request for an accommodation. (*Id.* ¶ 8).

## II. PROCEDURAL HISTORY

On or about September 12, 2025, Plaintiff filed this lawsuit in state court.[2] (Doc. 1-1). On December 24, 2025, Defendant removed the case to this Court. (Doc. 1). Defendant asserts federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* ¶ 9).

Plaintiff asserts the following causes of action against Defendant:

(1) disability discrimination and failure to accommodate under the ADA, 42 U.S.C. § 12112, *et seq.* (Count One);

(2) violation of the Louisiana Employment Discrimination Law ("LEDL"), Louisiana Revised Statutes § 23:301, *et seq.* (Count Two);

(3) violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statutes § 51:401, *et seq.* (Count Three);

(4) negligence or in the alternative, negligent misrepresentation (Count Four); and

(5) declaratory and injunctive relief under the ADA and LEDL (Count Five). (Doc. 1-1).

Now, Defendant moves to dismiss each of Plaintiff's claims against it. (Doc. 4).

---

[2] Because Plaintiff's case originated in state court, the initial pleading is styled as a "Petition." However, the Court will refer to it as a "Complaint" throughout this Ruling. (Doc. 1-1).

For the following reasons, Defendant's Motion will be **GRANTED**.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## IV. DISCUSSION

Defendant moves to dismiss each of Plaintiff's claims. (Doc. 4). The Court will first analyze Plaintiff's ADA and LEDL claims. Next, the Court will turn to Plaintiff's LUTPA claim. Finally, the Court will turn to Plaintiff's negligence claims. For the following reasons, Defendant's Motion will be **GRANTED**.

### A. Plaintiff's ADA and LEDL Claims (Counts One, Two, and Five).

Defendant moves to dismiss Plaintiff's disability discrimination and failure to accommodate claims under the ADA and LEDL. (Doc. 4-1 at 5–9). Defendant argues that Plaintiff cannot establish a *prima facie* case of disability discrimination or failure to accommodate because Plaintiff has not alleged facts showing that she has a qualifying disability or one that substantially limits her major life activities. (*Id.* at 8). Defendant further asserts that Plaintiff's Complaint "does not provide any facts regarding the nature or character of her disability, including why she required the accommodation[.]" (*Id.*).

Plaintiff responds that because the ADA requires a broad construction, Plaintiff need not plead a medical diagnosis or provide medical evidence at the pleading stage. (Doc. 6 at 3).

"The ADA prohibits an employer from 'discriminat[ing] against a qualified individual on the basis of disability[.]'" *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (citing *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479 (5th Cir. 2016) (alteration in original) (quoting 42 U.S.C. § 12112(a)). The ADA also "requires an employer to make 'reasonable accommodations to the known physical or mental limitations of an otherwise

qualified individual with a disability . . .'" *Moss*, 851 F.3d at 417 (citing *Delaval*, 824 F.3d at 481; quoting 42 U.S.C. § 12112(b)(5)(A)).

To establish a claim of either discrimination or failure to accommodate under the ADA, Plaintiff must show that she has a disability. *Moss*, 851 F.3d at 417 (internal citations omitted). The ADA defines "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record of such impairment; or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1).

Additionally, "the Louisiana Employment Discrimination statute is essentially patterned after the ADA[.]" *Williams v. Genesis Energy, LLC*, No. CV 20-35-JWD-EWD, 2021 WL 1227873, at *8 (M.D. La. Mar. 31, 2021) (citing *Mincey v. Dow Chem. Co.*, 217 F. Supp. 2d 737, 742 (M.D. La. 2002). Consequently, "the result of this Court's analysis under either statute must, necessarily, be the same." *Id.*

In the Complaint, Plaintiff fails to specify whether she had a physical or a mental disability, what the disability was, or how it impaired a major life activity. (*See generally*, Doc. 1-1). Plaintiff simply asserts a legal conclusion that she is a "qualified individual with a disability within the meaning of the Americans with Disabilities Act ('ADA') [] and Louisiana law[,]" without alleging any supporting facts. (Doc. 1-1 ¶ 1).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Here, Plaintiff has failed to satisfy the U.S. Supreme Court's pleading standards to state a claim under either the ADA or LEDL. Plaintiff must plead factual content rather than labels and conclusions.

The Court's Ruling is in accord with another division of this Court. *Williams v. Genesis Energy, LLC*, No. CV 20-35-JWD-EWD, 2021 WL 1227873, at *8 (M.D. La. Mar. 31, 2021). In *Williams*, under similar circumstances, the Court held: "Consequently, the Court finds that [plaintiff's] failure to identify any alleged disability is fatal to his ability to withstand [d]efendant's motion to dismiss. Accordingly, [plaintiff's] claims for disability discrimination under the ADA and the LEDL are dismissed." *Id.* ("Here, [plaintiff] failed to state a claim under the ADA because he did not allege that he has a disability.").

Accordingly, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED** in this respect.

**B. Plaintiff's LUTPA Claim (Count Three).**

Next, Defendant moves to dismiss Plaintiff's LUTPA claim. Defendant argues that Plaintiff's Complaint similarly lacks factual allegations indicating that Defendant's hiring process and assessment tools were imposed to harm competition or violate any purpose of LUTPA. (Doc. 4-1 at 12).

LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" La. Rev. Stat. § 51:1405. "To recover, the plaintiff must prove some element of fraud, misrepresentation, deception or other unethical conduct.'" *IberiaBank v. Broussard*, 907 F.3d 826, 839 (5th Cir. 2018) (citation modified). "It has been left to the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1059.

Courts have determined that "the range of prohibited practices under LUTPA is extremely narrow." *Id.* "Therefore, only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Id.* at 1055. In establishing a LUTPA claim, "the plaintiff must show the alleged conduct offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Id.* at 1059 (citation modified). However, "LUTPA does not prohibit sound business practices, the exercise

of permissible business judgment, or appropriate free enterprise transactions." *Id.* at 1060 (citing *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993)).

Here, Plaintiff's Complaint contains no facts indicating that Defendant engaged in fraud, misrepresentation, deception, or other unethical conduct, much less that such conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious. Although Plaintiff argues that "[w]hether Copeland's practices are immoral, unethical, or substantially injurious is a question of fact unsuited to dismissal[,]" Plaintiff must, as a threshold matter, plead ***facts*** to support her LUTPA claim.

Accordingly, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED** in this respect.

### C. Plaintiff's State Law Tort Claims—Negligence, or in the Alternative, Negligent Misrepresentation (Count Four).

Finally, Defendant moves to dismiss Plaintiff's negligence claims, arguing that the claims are prescribed. Defendant argues that the facts underlying Plaintiff's Complaint occurred between June 17, 2022 and December 13, 2022. (Doc. 4-1 at 13). Defendant urges that Louisiana law in effect at the time of the events underlying Plaintiff's Complaint imposed a one-year perspective period applicable to Plaintiff's negligence claims.

The Louisiana prescriptive period applicable to Plaintiff's negligence claims is one year. La. Civ. Code art. 3492 (repealed by Acts 2024, No. 423, § 2, eff.

July 1, 2024).[3] Without citing a single case or statute, Plaintiff seeks to evade the prescriptive period by arguing in a conclusory fashion that "[u]nder Louisiana law, prescription is suspended while continuous wrongful conduct and resulting damages persist." (Doc. 6 at 6). Plaintiff further contends that her Complaint "alleges that Copeland's misrepresentations and exclusionary assessment continued through Plaintiff's application process." (*Id.*).

As a preliminary matter, Plaintiff fails to allege any dates in her Complaint, nor does she attach the Charge of Discrimination allegedly filed with the Equal Employment Opportunity Commission (hereinafter, "Charge") to her Complaint. Defendant, however, attaches the Charge to its Motion to Dismiss. (Doc. 4-2). Because the Charge is referred to in Plaintiff's Complaint and is indeed central to the Complaint, the Court will consider it.[4]

---

[3] Currently, Louisiana's prescriptive period applicable to tort claims is two years. La. Civ. Code art. 3493.1. However, Article 3493.1 has "prospective application only," and its two-year prescriptive period "shall apply to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Because the alleged facts underlying Plaintiff's claims occurred before July 1, 2024, the former Article 3492 and its one-year prescriptive period apply. *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

[4] The United States Court of Appeals for the Fifth Circuit has considered a plaintiff's Charge of Discrimination attached to a defendant's motion to dismiss but omitted from plaintiff's complaint when the Charge was central to plaintiff's complaint. In *Carter v. Target Corp.*, the Circuit emphasized:

> It is well-established that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir.2000) (internal quotation marks

Plaintiff's Charge states: "On or about the June 17, 2022, and October 12, 2022, I applied for the position of Banque[t] Sales Representative through Indeed.com[.]" (*Id.* at 1). Even assuming that suspension of prescription was warranted here, an argument for which Plaintiff has provided no support, the Charge itself is dated December 13, 2022, meaning that Plaintiff alleges discrimination before that date. (*Id.*). Plaintiff filed suit on or about September 12, 2025, nearly three years later. (*Id.*). Plaintiff simply offers no basis for suspending the prescriptive period for this lengthy period of time.

Accordingly, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED** in this respect.

**D. Leave to Amend.**

In the alternative, Plaintiff requests leave to amend the Complaint to provide additional factual detail. (Doc. 6 at 8). Although leave to amend should be freely given, the Court need not grant leave to amend if an amendment would be futile. *Matter of: Sherwin Alumina Co., L.L.C.*, 952 F.3d 229, 236 (5th Cir. 2020)

---

> omitted) (alteration in original). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499.
>
> The documents at issue here—[plaintiff's] two EEOC Charges—were referenced in her complaint and are central to her claim. [. . .] These issues are central to [plaintiff's] pleadings, and her failure to include them does not allow her complaint to bypass [defendant's] motion to dismiss unexamined. *See, e.g., Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991). We will review [defendant's] motion to dismiss with the benefit of [plaintiff's] EEOC and LCHR charges.

*Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013).

("[W]here amendment would be futile, the court need not grant the plaintiff leave to amend.").

Here, the law is clear that Plaintiff's negligence claims are time-barred. No amendment would change this reality, and thus, an amendment would be futile. Accordingly, the Court **DENIES** Plaintiff leave to amend her negligence claims. Plaintiff's negligence claims will be **DISMISSED WITH PREJUDICE**.

The Court will, however, provide Plaintiff an opportunity to amend the Complaint with respect to her ADA and LEDL claims to allege sufficient facts as described herein. Although the Court doubts whether Plaintiff can adequately plead a LUTPA claim under these facts, the Court will permit Plaintiff one opportunity to amend this claim. Accordingly, Plaintiff's ADA, LEDL, and LUTPA claims will be **DISMISSED WITHOUT PREJUDICE**.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Al Copeland Investments, L.L.C.'s **Rule 12(b)(6) Motion to Dismiss (Doc. 4)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's ADA and LEDL claims (Counts One, Two, and Five) are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's LUTPA claim (Count Three) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's negligence claims (Count Four) are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend her Complaint within 21 days of the issuance of this Ruling and Order. Should Plaintiff fail to amend her Complaint within 21 days, the Court will dismiss this case with prejudice for the reasons described herein.

Baton Rouge, Louisiana, this 21st day of August, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**